**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JUAN AGUILAR**,

    Petitioner,

    v.                                Case No. 2:26-cv-02563-BCL-cgc

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

---

Petitioner filed on May 15, 2026, a petition under Section 2241, Title 28 of the United States Code, by which he sought either (1) "an individualized bond hearing before an Immigration Judge of the Memphis Immigration Court within fourteen (14) days of this Court's Order" or, in the alternative, "immediate release under such reasonable conditions of supervision as the Court shall deem appropriate." Doc. 2 at 15-16.  The Government agreed, stating that, "[i]n accordance with the remedy affirmed in *Lopez-Campos* [*v. Raycraft*, 2026 WL 128391 (6th Cir. 2026)], the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody." Doc. 10 at 2-3.  On June 3, the Court ordered "Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody." Doc. 11 at 2. Petitioner has now filed a motion titled "Motion to Enforce the Court's Order and for

1

Immediate Release" (Doc. 13), by which he seeks immediate release from custody. For the reasons

explained here, that Motion is **DENIED**.

All agree that the Immigration Judge conducted a bond hearing on June 5, 2026. Doc. 13

at 2; Doc. 15 at 2.  And the record leaves no dispute that the Immigration Judge denied bond

because Petitioner had not produced evidence supporting his request for release on bond[1]:

> Denied, because [Petitioner] did not file any evidence to support eligibility or
> establish that he is not a danger to persons or property or that he is a flight risk. Due
> to [Petitioner's] short notice and the filing of the request by the Department, the
> Court will consider any future request as a first request by the [Petitioner] to provide
> a bond hearing at that time.

Doc. 15-1 at 3. But, Petitioner claims, the hearing that led to this Order was inadequate because he

only received notice of the hearing on 8:00 AM of the morning it occurred—roughly 30 minutes

before the hearing was scheduled to begin, and roughly three-and-a-half hours before his matter

was heard—and therefore did not have time to obtain an attorney and gather evidence.[2] *See*

*generally* Doc. 13.

Plaintiff's Motion must be denied.  Respondent did comply with the Court's order,

providing an expeditious bond hearing as requested by Petitioner in the time period ordered by the

Court—all that the Court's judgment required. Petitioner's new argument concerns the process

and resulting outcome of that hearing, neither of which obviates the fact that the hearing (whatever

its flaws, if any) was held as ordered. And any concerns about purportedly deficient process

---

[1] Petitioner asserts that the Immigration Judge denied bond because Petitioner was not represented by counsel. Doc. 13 at 3.  While the Court does not know what was said at the hearing concerning Petitioner's lack of representation in connection with bond proceedings (he is represented in immigration proceedings other than bond proceedings), the lack of representation played no role in the Immigration Judge's Order, as reflected in the text.

[2] Curiously, Petitioner also attaches to his Motion various letters dated before and the day of the hearing, indicating that he either had gathered or was in the process of gathering evidence supporting his bond application. *See* Doc. 13-3. Viewed liberally in Petitioner's favor, the available evidence suggests that Petitioner was in the process of gathering evidence in support of bonded release, but the expeditious provision of a hearing prevented him from completing that work or presenting cgc the evidence.

relating to the hearing are ameliorated by the Immigration Judge's express allowance of a new bond hearing, which will be treated as a first bond hearing, upon Petitioner's request. Doc. 15-1 at 3. If Petitioner is displeased with the bond hearing already held, the ball is in his court: He may initiate a new one or seek the Board of Immigration Appeals' review of the old one. *See Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011) (ordering dismissal of petition seeking review of bond determination due to failure to exhaust review before the BIA). But the bottom line here is that this Court's judgment has been complied with.

Having concluded that its judgment was complied with, the Court cannot adjudicate the alleged flaws in the June 5 bond hearing for at least three independent reasons. First, because the Immigration Judge based his decision on a lack of evidence (and not, say, a perceived statutory bar to relief now being challenged), this Court lacks jurisdiction to review the decision under 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Second, the doctrine of prudential exhaustion bars review because Plaintiff could, but has not, appealed the Immigration Judge's decision to the Board of Immigration Appeals. *See Senuan v. Bullock*, No. 2:26-CV-02342-BCL-TMP, 2026 WL 1133204, at *2 (W.D. Tenn. Apr. 3, 2026) (summarizing doctrine); *Leonardo*, 646 F.3d at 1160. Finally, in light of Respondent's compliance with the Court's judgment and in keeping with the separation of powers, any challenge to the Executive Branch's new bond determination should be asserted via a new petition; the earlier filing of the habeas petition challenging the refusal to provide Petitioner with a bond hearing does not itself give this Court authority to generally superintend, through post-

decision motions, Petitioner's interactions with immigration officials, whether generally or as related to bond.

## **CONCLUSION**

Plaintiff's Motion to Enforce Judgment is **DENIED**.

**IT IS SO ORDERED**, this 24th day of June, 2026.

 s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE